# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JUSTIN P. POSEY,

       Petitioner,

  v.                                     Case No. 20-CV-368

MICHAEL MEISNER,

       Respondent.

## ORDER ON MOTION TO STAY

Justin P. Posey, who is currently incarcerated at the Redgranite Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Posey filed a motion asking that the proceedings be stayed and held in abeyance while he pursues a motion for post-conviction relief under Wis. Stat. § 974.06. (Docket # 2.) The Respondent objects to the stay. (Docket # 8.) For the reasons below, the motion for stay will be denied.

## BACKGROUND

On October 25, 2016, Posey was convicted of armed robbery in Winnebago County Circuit Court. (Docket # 1 at 1.) He was sentenced to thirteen years in prison. (*Id.*) Posey filed a post-conviction motion that was denied following a hearing on December 6, 2017. (*Id.* at 3–4; Consolidated Court Automation Programs ("CCAP"), WI Circuit Court Access for Winnebago County, Case No. 2016CF000109, at http://wcca.wicourts.gov (last visited June 3, 2020).) Posey argued that the trial court erroneously denied his request for an adjournment to enable his expert witness to testify, and that this error had denied Posey a fair trial. (*Id.* at 2.) On October 3, 2018, the Wisconsin Court of Appeals summarily affirmed Posey's

conviction, and the Wisconsin Supreme Court denied review on December 11, 2018. (*Id.* at 2–3.)

Posey filed a petition for a writ of habeas corpus in this court on March 6, 2020. (Docket # 1.) Posey asserted that the trial court's refusal to grant an adjournment that would have allowed his expert witness to testify denied him his constitutional rights to due process, to confront witnesses against him, and to present a complete defense. (*Id.* at 5.) Posey also asserted that he was denied his Sixth Amendment right to confrontation and compulsory process and the effective assistance of counsel when a lay witness testified about and interpreted medical reports at trial. (*Id.* at 7.) Posey explained that he did not object to these errors at trial due to ineffective assistance of trial counsel, and did not adequately brief the constitutional dimensions of these issues on appeal due to ineffective assistance of appellate counsel. (*Id.* at 6, 7.) Posey also asserted that the state court's decision to the contrary involved an unreasonable application of federal law and an unreasonable determination of the facts in light of the evidence presented it. (*Id.* at 8–10.)

Posey filed a motion for stay along with his petition, asserting that his petition for a writ of habeas corpus is a "protective petition," and that he intends to file a post-conviction motion in the Wisconsin courts raising his constitutional claims. (Docket # 2.) The motion for stay is now fully briefed and ready for resolution.

## ANALYSIS

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Supreme Court

Case 1:20-cv-00368-NJ   Filed 06/09/20   Page 2 of 6   Document 14

has interpreted the exhaustion requirement as imposing a rule of "total exhaustion," that is, that all claims in the petition must be exhausted before a federal court may rule on the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Ordinarily, a petition containing both exhausted and unexhausted claims is dismissed. *Id.* However, after Congress imposed a one-year statute of limitations on the filing of federal habeas petitions with the enactment of Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Supreme Court held that district courts have discretion to stay such a "mixed petition" and place it in abeyance, rather than dismiss it, in situations where dismissal is likely to terminate any federal review. See *Rhines v. Weber*, 544 U.S. 269, 274–78 (2005). Additionally, the Seventh Circuit instructs district courts to consider granting a motion for stay and abeyance when a dismissal without prejudice would have the practical effect of ending any chance at federal habeas review—that is, "when there is a substantial risk that it comes too late for the prisoner to re-file." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (citing *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006); *Newell v. Hanks*, 283 F.3d 827, 835 (7th Cir. 2002); *Post v. Gilmore*, 111 F.3d 556, 557 (7th Cir. 1997)). Petitioners "who are unsure about whether they have properly exhausted state remedies [may] file a 'protective petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.'" *Id.* (quoting *Pace v. DiGugliemo*, 544 U.S. 408, 416 (2005)). "Stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court and the unexhausted claims are not plainly meritless." *Wilson v. Thurmer*, No. 08-CV-285-BBC, 2008 WL 4762053, at *5 (W.D. Wis. Oct. 29, 2008) (citing *Rhines*, 544 U.S. at 277; *Tucker*, 538 F.3d at 735).

In his petition for a writ of habeas corpus, which he styled a "protective petition," Posey essentially conceded that he had not exhausted his federal claims. (Docket # 1 at 5–12,

15.) He asserted that he intends to file a post-conviction motion arguing his constitutional claims and asserting ineffective assistance of trial and appellate counsel for failing to assert them as constitutional claims in the earlier state court proceedings. (*Id.*) In his motion for stay, Posey reasserted that he intends to "present and exhaust his Federal Constitutional claims in and before the Wisconsin state courts." (Docket # 2 at 1.) However, Posey's reply brief argues that he *did* in fact properly present and exhaust his substantive federal claims at the state level, and that the only claims he did not exhaust are his claims of ineffective assistance of trial and appellate counsel, which he offers to withdraw. (Docket # 12.) He accordingly requests that either briefing continue on all his claims or he be allowed to amend his habeas petition to exclude the ineffective assistance of counsel claims.

Posey's petition does not clearly identify discrete constitutional claims, and his briefs are self-contradictory about whether the claims have been exhausted. Thus, Posey has failed to carry his burden of showing that a stay is appropriate. Furthermore, I can only construe Posey's reply brief as a request to withdraw the motion for stay entirely. Accordingly, Posey's motion for stay will be denied.

The respondent argues that Posey's petition should be dismissed because he did not exhaust his claims at the state level. (Docket # 8.) However, given the incoherent nature of Posey's petition and briefs, I cannot determine at this time which—if any—of Posey's claims have been exhausted. Accordingly, I will require the respondent to answer or otherwise respond to Posey's petition.

**IT IS THEREFORE ORDERED** that Posey's motion for stay and abeyance (Docket # 2) is hereby **DENIED**.

4

**IT IS FURTHER ORDERED** that the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have **forty-five (45)** days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have **forty-five (45)** days following the filing of the petitioner's brief within which to file a brief in opposition. If the petitioner does not file a brief, the respondent has **forty-five (45)** days from the due date of the petitioner's brief to file her brief; and

3. The petitioner shall have **thirty (30)** days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **forty-five (45) days** following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **thirty (30) days** following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 9th day of June, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge