UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JUSTIN P. POSEY,**

    **Petitioner,**

v.                                    Case No. 20-CV-368

**MICHAEL MEISNER,**

    **Respondent.**

## DECISION AND ORDER ON RESPONDENT'S MOTION TO DISMISS

Justin P. Posey, who is currently incarcerated at the Redgranite Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) The Respondent moves to dismiss Posey's habeas petition. (Docket # 16.) Posey has responded in opposition. (Docket # 21.) For the reasons below, the motion to dismiss will be granted and the case dismissed.

## BACKGROUND

On October 25, 2016, Posey was convicted of armed robbery in Winnebago County Circuit Court. (Judg. of Conviction, Ex. 1 to Resp. Br. in Supp. of Mot. to Dismiss, Docket # 16-1.) He was sentenced to thirteen years in prison. (*Id.*) Posey filed a post-conviction motion that was denied following a hearing on December 6, 2017. (Docket # 1 at 3–4.) Posey argued that the trial court erroneously denied his request for an adjournment to enable his expert witness to testify, and that this error had denied Posey a fair trial. (*Id.* at 2.) On October 3, 2018, the Wisconsin Court of Appeals summarily affirmed Posey's conviction. (Ex. 5 to Resp. Br. in Supp. of Mot. to Dismiss, Docket # 16-5.) The Wisconsin Supreme Court denied

review on December 11, 2018. (Ex. 8 to Resp. Br. in Supp. of Mot. to Dismiss, Docket # 16-8.)

Posey filed a petition for a writ of habeas corpus in this court on March 6, 2020. (Docket # 1.) Posey asserted that the trial court's refusal to grant an adjournment that would have allowed his expert witness to testify denied him his constitutional rights to due process, to confront witnesses against him, and to present a complete defense. (*Id.* at 5.) Posey also asserted that he was denied his Sixth Amendment right to confrontation and compulsory process and the effective assistance of counsel when a lay witness testified about and interpreted medical reports at trial. (*Id.* at 7.) Posey explained that he did not object to these errors at trial due to ineffective assistance of trial counsel and did not adequately brief the constitutional dimensions of these issues on appeal due to ineffective assistance of appellate counsel. (*Id.* at 6–7.) Posey also asserted that the state court's decision to the contrary involved an unreasonable application of federal law and an unreasonable determination of the facts in light of the evidence presented it. (*Id.* at 8–10.)

Posey filed a motion to stay along with his petition, asserting that his petition for a writ of habeas corpus was a "protective petition" and that he intended to file a post-conviction motion in the Wisconsin courts raising his constitutional claims. (Docket # 2.) The Respondent opposed the motion, arguing that Posey's petition should dismissed because he did not exhaust his claims in state court. (Docket # 8.) Posey then filed a reply brief in which he argued that he did present and exhaust his federal claims and that the only claims that he did not exhaust were his claims of ineffective assistance of trial and appellate counsel. Further, he asked that I order briefing on all claims on the petition or allow him to amend his petition to proceed on his petition "without the ineffective assistance of trial and appellate claims."

(Docket # 12 at 5.) I construed Posey's reply as a withdrawal of the motion to stay, denied the motion, and ordered briefing on the petition. (Docket # 14 at 4.)

## STANDARD OF REVIEW

Posey's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

3

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

Posey argues that he is entitled to habeas relief on four grounds: (1) that he was denied his rights to due process, confrontation, compulsory process, and to present a complete defense when the trial court refused to grant an adjournment; (2) that he was denied his Sixth Amendment right to confrontation and compulsory process, and to effective assistance of counsel when the State and trial counsel allowed lay witnesses to testify on medical testimony; (3) that the State Court's decision is contrary to and involves an unreasonable application of clearly established federal law; and (4) that the State Court's decision is an unreasonable determination of the facts in light of the evidence presented in state court proceedings. The Respondent moves to dismiss Grounds One and Two, arguing that Posey has procedurally

defaulted both. Respondent moves to dismiss Grounds Three and Four because they are not stand-alone habeas claims. I will address each in turn.

 1. *Grounds One and Two*

 1.1 Applicable Law

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A procedural default will bar

5

federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977)).

      1.2    Application to This Case

In Ground One, Posey claims that the state trial court's denial of an adjournment to allow his doctor to testify violated "due process, right to confrontation, and compulsory process, and right to present a complete defense." (Docket # 1 at 5.) The Respondent argues that Posey defaulted this claim because he did not present it in state court as a federal constitutional claim. I agree. Posey did not assert the constitutional claims that he now makes on his habeas petition. Rather, in his brief before the Wisconsin Court of Appeals, Posey made two arguments: (1) that the trial judge "erroneously exercised his discretion in not adjourning for a longer period of time so that Dr. Graunke could appear and testify" and (2) "the error in not briefly adjourning the trial was sufficiently harmful to warrant a new trial." (Defendant-Appellant's Court of Appeals Brief at 8–11, Ex. 2 to Resp. Br. in Supp. of Mot. to Dismiss, Docket # 16-2.) Further, in his brief, Posey cited four Wisconsin cases: *State v. Williams*, 2000 WI App 123, ¶ 15, 237 Wis. 2d 591, 614 N.W.2d 11; *State v. Delao*, 2002 WI 49, ¶ 60, 252 Wis. 2d 289, 643 N.W.2d 480, 494; *State v. Stuart*, 2005 WI 47, ¶ 41, 279 Wis. 2d 659, 695 N.W.2d 259; and *Elam v. State*, 50 Wis. 2d 383, 390, 184 N.W.2d 176 (1971). (*Id.*) However, none of these cases would have alerted the state court to the federal constitutional claims Posey now asserts.

Posey argues that his citation to *Elam* fairly presented his constitutional claims to the state courts. But Posey only quoted from *Elam* the factors that a trial judge considers in deciding a motion to adjourn. (*Id.* at 8.) The state court was not obligated to search for other

6

propositions in *Elam* that Posey did not argue. Indeed, in summarily affirming the trial judge's decision, the Court of Appeals addressed Posey's challenge as he had framed it—a challenge to the judge's exercise of his discretion. (Docket # 16-5 at 5–7.) Moreover, Posey concedes in his petition that he had not exhausted these claims. (Docket # 1 at 5) ("[T]he arguments raised were not constructed or crafted into Federal constitutional arguments and were only argued as an erroneous exercise of discretion by circuit court's failure to grant an adjournment.").) Posey later claims in his reply brief in support of his motion to stay that he *did* exhaust these claims (Docket # 12 at 4); however, this assertion is unsupported by the record before the Wisconsin Court of Appeals. Posey has procedurally defaulted Ground One.

In Ground Two, Posey claims that he was denied his Sixth Amendment right to confrontation and compulsory process, and effective assistance of counsel, when the State and trial counsel allowed lay witnesses to testify on medical testimony. Review of the record shows that Posey did not present his Ground Two claim in state court at all, even as a state law issue. (Docket # 16-2 and Defendant-Appellant's Court of Appeals Reply Brief, Ex. 4 to Resp. Br. in Supp. of Mot. to Dismiss, Docket # 16-4.) As discussed above, the only issue Posey raised before the Court of Appeals was a challenge to the trial judge's exercise of discretion in denying the adjournment. (*Id.*) Accordingly, Posey has not exhausted Ground Two and it cannot be grounds for habeas relief.

In Ground Three, Posey claims that the "State Court's decision is contrary to and involves an unreasonable application of clearly established federal law." (Docket # 1 at 8–9.) In Ground Four, Posey claims that the "State Court's decision is an unreasonable determination of the facts in light of the evidence presented in state court proceedings." (*Id.* at 10–11.) Neither of these two grounds are free-standing claims, cognizable in habeas relief.

Posey acknowledges as much in his brief. (Docket # 21 at 17 n.10.) These two grounds merely repeat the statutory language. Ground Three mirrors the language in 28 U.S.C. § 2254(d)(1), and Ground Four mirrors § 2554(d)(2). Accordingly, Posey has not asserted claims distinct from the claims he made in Grounds One and Two which would entitle him to habeas relief.

Finally, while a procedural default can be excused if a petitioner can show cause and prejudice or that failure to review the claim would result in a miscarriage of justice, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991), Posey does not make such a showing. Posey does not address this at all in his brief. The closest Posey comes to addressing cause and prejudice is in his habeas petition where he states that his claims were not addressed "due to trial and direct appeal counsel's ineffectiveness." (Docket # 1 at 5, 7.) However, to use the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, Posey was required to raise the claims through one full round of state court review, or face procedural default of those claims as well. *See Gray v. Hardy*, 598 F.3d 324, 330 (7th Cir. 2010). Because Posey failed to raise those ineffective assistance of counsel claims before the State court, they are also procedurally defaulted.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement

to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id*. at 485.

Jurists of reason would not find it debatable that Posey is not entitled to habeas relief. Thus, I will deny Posey a certificate of appealability. Of course, Posey retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss (Docket # 16) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue. The clerk of court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd February, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge